**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| CODING TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HSN, INC.,<br><br>Defendant. | CASE NO: 8:17-cv-2401-T35 TBM |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant, HSN, INC. ("HSN"), for its Answer to Plaintiff Coding Technologies, LLC's ("Coding Technologies") Complaint, states as follows:

1. HSN admits this action purports to arise under the Patent Act, 35 U.S.C. § 271, *et seq.* for alleged infringement of United States Patent No. 8,540,159. HSN denies the remaining allegations of this paragraph.

2. HSN is without information or knowledge to form a belief as to the truth of the allegations set forth in this Paragraph.

3. HSN admits that its headquarters is located in St. Petersburg, Florida. HSN denies the remaining allegations of this paragraph.

4. HSN admits the allegations of this paragraph.

5. HSN admits the allegations of this paragraph.

6. HSN admits venue is proper in this court, pursuant to 28 U.S.C. § 1400(b), and admits it has a regular and established place of business in this district. HSN denies the remaining allegations of this paragraph.

7. HSN repeats and re-alleges its answers to paragraphs 2 through 6, as if fully set forth herein.

8. HSN admits Exhibit A purports to be a true and correct copy of the ‘159 Patent. HSN further admits that the United States Patent and Trademark Office issued the ‘159 Patent, entitled “Method for Providing Mobile Service Using Code Pattern,” on September 24, 2013. HSN is without information or knowledge to form a belief as to the truth of the remaining allegations set forth in this Paragraph.

9. HSN is without information or knowledge to form a belief as to the truth of the allegations set forth in this Paragraph.

10. HSN is without information or knowledge to form a belief as to the truth of the allegations set forth in this Paragraph.

11. There is nothing for HSN to admit or deny in this Paragraph, as the issue of claim interpretation/claim construction is an issue of law.

12. HSN denies the allegations of this Paragraph.

13. HSN denies the allegations of this Paragraph.

14. HSN is without information or knowledge to form a belief as to the truth of the allegations set forth in this Paragraph.

15. HSN denies the allegations of this Paragraph.

16. HSN denies the allegations of this Paragraph.

17. There is nothing for HSN to admit or deny in this Paragraph, as the issue of claim interpretation/claim construction is an issue of law.

18. HSN denies the allegations of this Paragraph.

19. HSN denies the allegations of this Paragraph.

20. HSN denies the allegations of this Paragraph.

21. HSN denies the allegations of this Paragraph.

22. HSN denies the allegations of this Paragraph.

23. HSN denies the allegations of this Paragraph.

24. HSN denies the allegations of this Paragraph.

25. There is nothing for HSN to admit or deny in this Paragraph, as the issue of claim interpretation/claim construction is an issue of law.

26. HSN denies the allegations of this Paragraph.

27. HSN denies the allegations of this Paragraph.

28. There is nothing for HSN to admit or deny in this Paragraph, as the issue of claim interpretation/claim construction is an issue of law.

29. HSN denies the allegations of this Paragraph.

30. HSN denies the allegations of this Paragraph.

31. There is nothing for HSN to admit or deny in this Paragraph, as the issue of claim interpretation/claim construction is an issue of law.

32. HSN denies the allegations of this Paragraph.

33. HSN denies the allegations of this Paragraph.

34. HSN denies the allegations of this Paragraph.

35. HSN denies the allegations of this Paragraph.

36. HSN denies the allegations of this Paragraph.

37. HSN denies the allegations of this Paragraph.

38. There is nothing for HSN to admit or deny in this Paragraph, as the issue of claim interpretation/claim construction is an issue of law.

39. HSN denies the allegations of this Paragraph.

40. HSN denies the allegations of this Paragraph.

41. There is nothing for HSN to admit or deny in this Paragraph, as the issue of claim interpretation/claim construction is an issue of law.

42. HSN denies the allegations of this Paragraph.

43. HSN denies the allegations of this Paragraph.

44. HSN denies the allegations of this Paragraph.

45. There is nothing for HSN to admit or deny in this Paragraph, as the issue of claim interpretation/claim construction is an issue of law.

46. HSN denies the allegations of this Paragraph.

47. HSN denies the allegations of this Paragraph.

48. HSN denies the allegations of this Paragraph.

49. HSN denies the allegations of this Paragraph.

50. HSN denies the allegations of this Paragraph.

51. HSN denies the allegations of this Paragraph.

52. There is nothing for HSN to admit or deny in this Paragraph, as the issue of claim interpretation/claim construction is an issue of law.

53. HSN denies the allegations of this Paragraph.

54. HSN denies the allegations of this Paragraph.

55. HSN denies the allegations of this Paragraph.

56. HSN denies the allegations of this Paragraph.

57. HSN denies the allegations of this Paragraph.

58. HSN denies the allegations of this Paragraph.

59. HSN denies the allegations of this Paragraph.

60. HSN denies the allegations of this Paragraph.

61. HSN denies the allegations of this Paragraph.

62. HSN admits only that it appears that Plaintiff retained the law firm of WATSON LLP, since the Complaint was filed by the law firm of WATSON LLP. HSN is without information or belief as to whether WATSON LLP was retained to represent Plaintiff's interests in this action, and whether Plaintiff is obligated to pay such firm reasonably attorneys' fees for its services. HSN denies the remaining allegations of this paragraph.

63. HSN denies that Coding Technologies is entitled to any of the relief sought in its Prayer for Relief.

**AFFIRMATIVE DEFENSES**

For its Affirmative Defenses, HSN states as follows:

FIRST DEFENSE: Each claim of the '159 Patent is invalid because it does not comply with the statutory requirements of patentability enumerated in, *inter alia*, 35 U.S.C. §§ 101, 102, 103, and/or 112, including, but not limited to, lack of novelty and/or obviousness. For example, and without limitation, each asserted claim of the '159 Patent is directed to a generic computer implementation of common barcode reading algorithms, and is anticipated by and/or would have been rendered obvious over prior art related to barcode scanners and associated network interactions, under 35 U.S.C. §§ 102 and/or 103. The asserted claims of the '159 Patent are also unclear and do not define the scope of the claim with reasonable certainty, as required by 35 U.S.C. § 112. The asserted claims of the '159 Patent are also not described in as much detail as to enable one of ordinary skill to make and use the claimed invention, due to the vast overbreadth of the claims and lack of such support in the specification, and are invalid under 35 U.S.C. §

112. The asserted claims of the ‘159 Patent attempt to claim unpatentable subject matter under 35 U.S.C. § 101.

SECOND DEFENSE: Coding Technologies is estopped from asserting constructions of any claim of the ‘159 Patent that covers any act or action of HSN, or any product or system manufactured by, manufactured for, used, sold, offered for sale, or imported into the United States, by HSN, because of amendments and arguments made to the U.S. Patent and Trademark Office during prosecution of the applications that became the ‘159 Patent to overcome prior art and obtain allowance of any of the claims.

THIRD DEFENSE: Coding Technologies’ attempted enforcement of the ‘159 Patent against HSN is barred by the doctrine of prosecution laches.

FOURTH DEFENSE: Coding Technologies is barred, in whole or in part, from seeking any relief because of the equitable doctrine of unclean hands.

FIFTH DEFENSE: Coding Technologies is barred, in whole or in part, from seeking any relief because of laches, waiver, acquiescence, and/or estoppel.

SIXTH DEFENSE: Coding Technologies is barred, in whole or in part, from seeking the relief sought to the extent that it is barred pursuant to 35 U.S.C. § 286.

SEVENTH DEFENSE: Coding Technologies is barred, in whole or in part, from seeking the relief sought because Plaintiff failed to comply with 35 U.S.C. § 287.

EIGHTH DEFENSE: Coding Technologies is barred from recovering any costs because a disclaimer was not entered at the United States Patent and Trademark Office prior to the commencement of this lawsuit pursuant to 35 U.S.C. § 288.

HSN reserves the right to amend and/or supplement its affirmative defenses as its investigation of Coding Technologies' allegations and the '159 Patent, and discovery in this matter progresses.

## HSN'S COUNTERCLAIMS

Defendant/Counter-Plaintiff, HSN, Inc. ("HSN"), for its counterclaims against Plaintiff/Counter-Defendant, Coding Technologies, LLC, ("Coding Technologies"), states as follows:

## THE PARTIES

1. HSN is a Delaware corporation with a principal place of business in St. Petersburg, Florida.

2. Plaintiff/Counter-Defendant Coding Technologies, LLC, is a foreign limited liability company, organized under the laws of the State of Texas.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over HSN's counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

4. Coding Technologies contends that it is the owner of all rights, title and interest in and to United States Patent No. 8,540,159 (the "'159 Patent")

5. Through its Complaint, Coding Technologies charges HSN with infringement of certain claims of the '159 Patent, and thus has submitted itself to the jurisdiction of this Court, has created an actual case or controversy between the parties, and has asserted that venue is proper in this Court.

6. This Court has personal jurisdiction over Coding Technologies pursuant to due process, due at least to its business in this forum, and its submission to the jurisdiction of this Court through the filing of its Complaint against HSN.

7. Venue is proper in this Court over Coding Technologies under 28 U.S.C. §1391, because a substantial part of the events or omissions giving rise to HSN's Counterclaims occurred within this judicial district.

**COUNT I**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '159 PATENT**

8. HSN restates and realleges paragraphs 1-7 of these Counterclaims.

9. HSN has not infringed, either literally or under the doctrine of equivalents, or contributed to the infringement by others, or induced others to infringe, any claim of the '159 Patent.

10. Coding Technologies' actions and allegations have caused, and continue to cause, damages to HSN, in an amount to be determined at trial.

11. Coding Technologies' allegations of infringement of the claims of the '159 Patent have caused, and continue to cause, irreparable injury to HSN, and unless and until Coding Technologies is enjoined by this Court, HSN will continue to suffer irreparable injury because of Coding Technologies' meritless allegations. HSN has no adequate remedy at law.

**COUNT II**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '308 PATENT**

12. HSN restates and realleges paragraphs 1-7 of these Counterclaims.

13. The '159 Patent, and each claim thereof, is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35, including, *inter alia,* 35 U.S.C. §§ 101, 102, 103, and/or 112, including, but not limited to, lack of novelty and/or obviousness. For example, and without limitation, each asserted claim of the '159 Patent is directed to a

generic computer implementation of common barcode reading algorithms, and is anticipated by and/or would have been rendered obvious over prior art related to barcode scanners and associated network interactions, under 35 U.S.C. §§ 102 and/or 103. The asserted claims of the ‘159 Patent are also unclear and do not define the scope of the claim with reasonable certainty, as required by 35 U.S.C. § 112. The asserted claims of the ‘159 Patent are also not described in as much detail as to enable one of ordinary skill to make and use the claimed invention, due to the vast overbreadth of the claims and lack of such support in the specification, and are invalid under 35 U.S.C. § 112. The asserted claims of the ‘159 Patent attempt to claim unpatentable subject matter under 35 U.S.C. § 101.

14. Coding Technologies’ actions and allegations have caused, and continue to cause, damages to HSN, in an amount to be determined at trial.

15. Coding Technologies’ allegations of infringement of the claims of the ‘159 Patent have caused, and continue to cause, irreparable injury to HSN, and unless and until Coding Technologies is enjoined by this Court, HSN will continue to suffer irreparable injury because of Coding Technologies’ meritless allegations. HSN has no adequate remedy at law.

**HSN’S PRAYER FOR RELIEF**

WHEREFORE, HSN respectfully requests that the Court enter judgment against Coding Technologies:

a. dismissing Coding Technologies’ Complaint against HSN, in its entirety, with prejudice, and a denial of the relief sought in its claims;

b. declaring that HSN has not infringed, contributorily infringed, or induced the infringement of any of the claims of the ‘159 Patent;

c. declaring that each claim of the ‘159 Patent is invalid;

d. awarding to HSN for its reasonable attorney's fees and costs, pursuant to 35 U.S.C. § 285; and

e. granting such other and further relief as the Court deems just and proper.

DATED: December 14, 2017

Respectfully submitted,

By: */s/ Richard H. Martin*

Joseph R. Lanser (admitted *pro hac vice*)
Email: jlanser@seyfarth.com
Patrick T. Muffo (admitted *pro hac vice*)
Email: pmuffo@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-5548
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Richard H. Martin, Esq.
Florida Bar Number: 579831
Email: richard.martin@akerman.com
Secondary Email:
Nicole.emmett@akerman.com
Joseph Shaheen, Esq.
Florida Bar Number: 212385
Email: joseph.shaheen@akerman.com
Secondary Email:
judy.barton@akerman.com
AKERMAN LLP
401 E. Jackson Street
Suite 1700
Tampa, FL 33602-5250
Phone: (813) 223-7333
Fax: (813) 223-2837

Attorneys for Defendant
HSN, Inc.

**CERTIFICATE OF SERVICE**

I, Richard H. Martin, an attorney, certify that I caused the foregoing to be filed electronically with the Clerk of the Court for the Middle District of Florida using the Court's Electronic Case Filing System, which will send notification to the registered participants of the ECF System as listed in the Court's Notice of Electronic Filing, on December 14, 2017.

*/s/ Richard H. Martin*
Richard H. Martin, Esq.
AKERMAN LLP
401 E. Jackson Street
Suite 1700
Tampa, FL 33602-5250
Email: richard.martin@akerman.com